UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | 3:10-cr-00124 JWS |
| | ) | |
| vs. | ) | ORDER FROM CHAMBERS |
| | ) | |
| SIMON D. SMITH, | ) | [Re:  Motions at docket 24 and 33] |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I. MOTION PRESENTED

At docket 24, defendant Simon D. Smith moved to suppress hundreds of hours of recordings made while he was incarcerated on the grounds that the secretly taped conversations violated his Sixth Amendment right to counsel.  In opposition, the United States asserted that the motion was so broad as to make its resolution infeasible. Instead, the United States offered to identify the specific statements it proposed to actually use at trial.  This was done with the approval of the magistrate judge. Thereafter, defendant filed a motion at docket 33 to suppress all of the recorded conversations specifically identified by the United States on the grounds that they were obtained in violation of the Sixth Amendment.

Magistrate Judge Smith conducted a lengthy evidentiary hearing, transcripts of which are at dockets 54, 55, and 62.  After the matter was fully briefed, she issued a very thorough initial report at docket 63 in which she recommended that all but two of the statements identified by the government be suppressed.  Objections were filed by the United States at docket 67, to which defendant replied at docket 68.  The magistrate

judge has not issued a final report, and this court has determined to proceed on the basis of the initial report at docket 63.

## II.  STANDARD OF REVIEW

The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."[1]  When reviewing a magistrate judge's report and recommendation in a case such as this one, the district court conducts *de novo* review of all conclusions of law,[2] and any findings of fact to which objections have been made.[3]  Uncontested findings of fact are reviewed for clear error.[4]

## III.  DISCUSSION

This court has reviewed the file, including the objections of the United States and defendant's response to those objections.  Having applied the standard of review articulated above, this court finds no fault with the magistrate judge's recommended findings and conclusions.  With respect to the United States' objections, this court agrees with the persuasive response filed by defendant.  Accordingly, this court adopts the findings of fact and conclusions of law recommended by the magistrate judge at docket 63.  Based thereon, the motions at dockets 24 and 33 are **GRANTED** as to recorded conversation segments numbered. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 12, 13, 14, and 18, but **DENIED** as to recorded conversation segments numbered 16 and 17 at which the Cooperating Individual was not present.  The court takes no position at this time on whether those conversations or portions thereof are admissible in evidence.

---

[1] 28 U.S.C. § 636(b)(1).

[2] *Barilla v. Ervin,* 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

[3] 28 U.S.C. § 636(b)(1).

[4] *Taberer v. Armstrong World Industries, Inc.,* 954 F.2d 888, 906 (3d Cir. 1992).

The ruling here is limited to the conclusion that they need not be suppressed on the basis of a Sixth Amendment violation.

DATED at Anchorage, Alaska, this 1st day of September 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE