UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 3:10-cr-00124 JWS |
| | ) | |
| vs. | ) | ORDER FROM CHAMBERS |
| | ) | |
| SIMON D. SMITH, | ) | [Re: Motions at docket 82 and 100; |
| | ) | final pre-trial conference and |
| Defendant. | ) | trial by jury VACATED] |
| | ) | |

## I. MOTIONS PRESENTED

At docket 82, defendant Simon D. Smith moved to suppress evidence discovered as a result of the search of a Ford Taurus automobile and a Dodge Ram Charger truck. The magistrate judge conducted an evidentiary hearing on August 12, 2011. A transcript of that hearing is at docket 92. After the hearing and briefing on the motion, Magistrate Judge Smith filed a report recommending that the motion be denied. Objections were filed by defendant at docket 94. In a final report at docket 99, the magistrate judge continued to recommend that the motion be denied.

At docket 100, the United States moved to stay further proceedings while it pursues an interlocutory appeal from this court's order at docket 96. That order granted, in part, defendant's motion to exclude from evidence various recorded conversations. Were the motion at docket 100 granted, the court would have to vacate the dates presently set for the final pre-trial conference and trial by jury.

## II. STANDARDS OF REVIEW

**A. Motion to Dismiss**

With respect to the motion at docket 82 and the report from the magistrate judge, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."[1] When reviewing a magistrate judge's report and recommendation in a case such as this one, the district court conducts *de novo* review of all conclusions of law,[2] and any findings of fact to which objections have been made.[3] Uncontested findings of fact are reviewed for clear error.[4]

**B. Motion to Stay**

With respect to the motion at docket 100, the United States has a right granted by 18 U.S.C. § 3731 to appeal a decision by a district court suppressing evidence. Such an appeal may be taken before jeopardy attaches if it is supported by a certification from the United States Attorney that the appeal is not taken for purposes of delay and that the suppressed evidence is "substantial proof of a fact material to the proceeding."[5]

## III. DISCUSSION

This court has reviewed the file, including defendant's objections. Having applied the standard of review articulated above, this court finds that the magistrate judge's recommended findings and conclusions are correct in all material respects and that there is nothing in the objections not adequately addressed in the report by the magistrate judge. For this reason, Judge Smith's recommended findings and conclusions are adopted. Based thereon, the motion at docket 82 is **DENIED.**

---

[1] 28 U.S.C. § 636(b)(1).

[2] *Barilla v. Ervin,* 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.,* 77 F.3d 1170, 1174 (9th Cir. 1996).

[3] 28 U.S.C. § 636(b)(1).

[4] *Taberer v. Armstrong World Industries, Inc.,* 954 F.2d 888, 906 (3d Cir. 1992).

[5] 18 U.S.C. § 3731.

The motion at docket 100 is supported by a certification from United States Attorney Karen Loeffler which meets the statutory requirements. Jury selection has not commenced, so jeopardy has not yet attached. For these reasons, the motion to stay at docket 100 is **GRANTED**.

**IT IS FURTHER ORDERED** that the final pre-trial conference and trial by jury set for September 12, 2011, are **VACATED** to be re-set following conclusion of the appeal and receipt of the appellate court's mandate by this court.

DATED at Anchorage, Alaska, this 6th day of September 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE